IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELIA LEWIS                                                                              PLAINTIFF

V.                               NO. 10-5066

MICHAEL ASTRUE,
Commissioner of the Social Security Administration                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Shelia Lewis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her current application for DIB on January 3, 2007, alleging an inability to work since September 2, 2006, due to fibromyalgia, back, neck and shoulder problems, pain, sleep apnea, foot problems, acid reflux, diabetes, asthma, depression and hypothroid condition. (Tr. 95-97, 132). An administrative hearing was held on August 13, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 9-37).

By written decision dated November 4, 2008, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - fibromyalgia, calcaneal spurs (heel spurs), essential hypertension, sleep apnea, and depression. (Tr. 58). However, after reviewing

all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that while the claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit (with normal breaks) for a total of six hours in an eight hour work day, and stand and/or walk (with normal breaks) for a total of two hours in an eight hour work day, she will require work that permits sitting and/or standing at will, and she cannot climb, stoop, crawl, or reach overhead. The claimant can perform unskilled work.

(Tr. 60). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform other work, such as compact assembler, charge account clerk, and surveillance system monitor. (Tr. 64).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 18, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.    Discussion:

The Court notes that in Dr. Huskins' Attending Physician Statement for Social Security Disability Benefits, dated March 6, 2007, he reported that, considering Plaintiff's pain and depression, "her ability to maintain a regular work schedule would be impacted." (Tr. 245). He also opined that Plaintiff's pain, depression, and sleep apnea "substantially increases her level of fatigue and reduces her stamina, concentration, persistence, pace and memory." (Tr. 245). He found Plaintiff's complaints of pain were credible.

On March 8, 2007, Dr. Huskins' records indicate that Plaintiff had chronic myalgia, arthralgia, and fatigue, and that Plaintiff was limited in her ability to care for herself and her house and her family at that time. (Tr. 249). The only other physical assessment given was by the non-examining physician, Dr. Robert Redd on June 5, 2007. Dr. Redd concluded that there was no sequential evidence to suggest ongoing interventions for refractory arthralgias, or trigger point injections.

"A treating source's opinion is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003), paraphrasing 20 C.F.R. §404.1527(d)(2). When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has

about the Plaintiff's impairments. 20 C.F.R. §416.927(d)(2)(ii). Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the Plaintiff's capabilities and the onset of her disabilities. See Smith v. Schweiker, 728 F.2d 1158, 1164 (8th Cir. 1984); O'Leary v. Schweiker, 710 F.2d 1334, 1342 (8th Cir. 1983); Funderburg v. Bowen, 666 F. Supp. 1291, 1298-1299 (W.D. Ark. 1987).

Plaintiff reported on August 7, 2007, in a Disability Report-Appeal, that she needed help with cooking, cleaning, and laundry, and had difficulty dressing and brushing or washing her hair. (Tr. 161). She reported that all she did was sit, watch television for short periods, and read her Bible. At the hearing held on August 13, 2008, Plaintiff testified that it was hard for her to do anything in a day, and that as soon as she got out of bed in the mornings, she had a hard time walking on her feet and usually had to hold onto her bed rail, or her husband would help her get to the bathroom. (Tr. 20). She stated that she was in a lot of pain, cried a lot, and was very depressed. She stated that her husband and children did most of the house and yard work. (Tr. 21). She said that she could bathe and groom herself very slowly, that she did not get out very much, and that she forgot things.

Although the ALJ stated that he gave Dr. Huskins' opinion "substantial weight," he failed to address Dr. Huskins' conclusions that Plaintiff's pain and depression would impact her ability to maintain a regular work schedule and would substantially increase her level of fatigue and reduce her stamina, concentration, persistence, pace and memory. The fact that Dr. Huskins treated Plaintiff for so many years and expressed such reservations about Plaintiff's ability to function in the workplace leads the Court to conclude that this matter should be remanded, so

-5-

that the ALJ can specifically address the limitations set forth by Dr. Huskins. The Court also strongly suggests that the ALJ have Plaintiff undergo examination and testing by a rheumotologist, to determine Plaintiff's physical limitations. He should also request that the rheumotologist complete a Physical RFC Assessment. Once received, the ALJ should re-evaluate Plaintiff's ability to function in the workplace.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of May, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)